IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| HEALTHMART USA, LLC and GREGG LAWRENCE, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:09-0369 Judge Nixon |
| v. | ) ) | Magistrate Judge Bryant |
| DIRECTORY ASSISTANTS, INC., | ) ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Plaintiffs Healthmart U.S.A., LLC and Gregg Lawrence's (collectively, "Plaintiffs") Motion for Remand ("Plaintiffs' Motion") (Doc. No. 7) and supporting Memorandum (Doc. No. 8). Defendant Directory Assistants, Inc. ("Defendant") filed a Response (Doc. No. 10) and supporting Affidavit (Doc. No. 11). Also pending is Defendant's Motion to Dissolve Temporary Restraining Order, Stay this Action and Compel Arbitration ("Defendant's Motion") (Doc. No. 3), with supporting Memorandum (Doc. No. 4), to which Plaintiffs submitted a Response (Doc. No. 9) and Defendant a Reply (Doc. No. 17). For the following reasons, Plaintiffs' Motion is GRANTED and Defendant's Motion is DENIED AS MOOT.

**I.     BACKGROUND**

On March 3, 2008, Plaintiffs and Defendant entered into a Consulting Contract. (Doc. No. 11, Ex. A). On February 27, 2009, Defendant filed an arbitration proceeding in Connecticut against Plaintiffs. (Doc. No. 11, Ex. C). On March 25, 2009, Plaintiffs filed a Verified Complaint for Injunctive Relief and Monetary Damages against Defendant in the Chancery Court for Williamson County, Tennessee, seeking a declaratory judgment that the arbitration agreement in the Consulting Contract was unenforcable, that Defendant's actions regarding the contract constituted a violation of the Tennessee Consumer Protection Act, T.C.A. § 47-18-101, *et seq.*, and damages under same, and for a Temporary Restraining Order to enjoin the Connecticut arbitration proceeding. (Doc. No. 1-1, at 1-8). That court entered a Restraining Order preventing the continued prosecution of the Connecticut arbitration. (*Id.* at 22-23). By agreement of the parties, the Restraining Order was extended. (*Id.* at 28-29). Defendant then removed to this Court. (Doc. No. 1).

Plaintiffs move for remand back to the Chancery Court for Williamson County, Tennessee, under 28 U.S.C. § 1447(c). Plaintiffs assert that the amount in controversy requirement has not been met and therefore this court lacks jurisdiction to hear the case.

## II. ANALYSIS

28 U.S.C. § 1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c) (1996). Federal subject matter jurisdiction for this contract claim is based upon diversity of citizenship. 28 U.S.C. § 1332 (2005). Diversity jurisdiction requires: (1) complete diversity of the parties; and (2) an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a) (2005). Plaintiffs assert that the amount in controversy is $20,930.70, the amount of the disputed

-2-

Case 3:09-cv-00369 Document 18 Filed 01/13/10 Page 2 of 8 PageID #: 154

February 20, 2009 invoice sent by Defendant to Plaintiffs. (Doc. No. 11, Ex. B). Defendant asserts that it filed a claim for arbitration in the amount of $83,324.88, calculated via the disputed contract's liquidated damages provision. (Doc. No. 11, at 2).

A defendant seeking to remove a case to federal court bears the burden of satisfying the amount in controversy requirement. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (party seeking a federal venue by removal must establish the jurisdictional requirements of that venue). If the plaintiff specifies an amount of damages, then that amount usually controls. *Id.* However, "where plaintiffs seek to recover some unspecified amount that is not self-evidently greater or less than the federal amount in controversy requirement, the defendant satisfies its burden when it proves that the amount in controversy more likely than not exceeds $75,000." *Id.* This is a preponderance of the evidence standard. *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 404-05 (6th Cir. 2007). All doubts as to the propriety of removal are resolved in favor of remand. *Id.* at 405.

Plaintiffs' Verified Complaint requests: injunctive relief; a declaratory judgment; actual damages and attorneys' fees under T.C.A. § 47-18-101; and punitive damages. (Doc. No. 1-1, at 7). Plaintiffs, however, do not specify an amount of actual and punitive damages; therefore, Defendant bears the burden of proving that the amount in controversy more likely than not exceeds $75,000. *See* 460 F.3d at 822.

When a plaintiff seeks declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977); 460 F.3d at 829. One court in this district, relying on cases from other

-3-

districts, treated a case involving an arbitration agreement analogously, finding: "[w]here the action is one to enforce arbitration, courts determine the amount in controversy by looking through to the amount of the possible award in the underlying arbitration." *Hambell v. Alphagraphics Franchising Inc.,* 779 F. Supp. 910, 912 (E.D. Mich. 1999). Determining that the plaintiff's complaint was properly characterized as an action to prevent the enforcement of an arbitration agreement, the court found such an action to be "most analogous to a motion to compel arbitration" and thus it was "appropriate to look through that complaint to the value of the underlying arbitration." *Id.*

Similarly, this case is an action to prevent the enforcement of an arbitration provision and therefore the Court will look through to the value of the possible arbitration award when determining the amount in controversy. The question then becomes whether the Court calculates the monetary value of the object of the litigation from Plaintiffs' or Defendant's perspective. The Sixth Circuit, recognizing a circuit split, explicitly declined to decide this issue. *Olden v. Lafarge Corp.*, 383 F.3d 495, 503 n.1 (6th Cir. 2004); 460 F.3d at 829. In the above arbitration dispute case, the district court determined the amount in controversy "by taking in account the interests of both parties." 779 F. Supp. at 912 (finding defendant's stated amount in controversy over the jurisdictional limit). However, a recent Sixth Circuit decision declined to chose one party's viewpoint and instead invoked the more generous of the two from the defendant's perspective, who had, as here, the burden of proving the amount in controversy. 460 F.3d at 829 (finding defendant's assertion of the costs of compliance not sufficient to meet burden).

Plaintiffs state that the amount in dispute is $20,930.70, per the February 20, 2009 invoice submitted to Plaintiffs, plus damages under T.C.A. § 47-18-101, *et seq.*, the sum of

-4-

which Plaintiffs assert will not total more than $75,000.[1]  Defendant submits an Affidavit from Michael Cody, Defendant's Executive Vice President, stating that the $20,930.70 invoice "represented savings in one of several phone books that are covered under the contract" and was "a fraction of [the] total amount that would have been due in year one of the three year contract, had Plaintiff's [*sic*] performed fully under the contract."  (Doc. No. 11, at 1).  Defendant then stated that the real amount in dispute in the arbitration is $83,324.88, calculated per the contract's liquidated damages provision—forty (40) percent of the "year one full renewal cost of the baseline program," which Defendant claims is $69,437.40 based on publisher advertising renewal contracts and Yellow Pages Association standard rates, times three.  (*Id.* at 2).  Defendant also submits as evidence its "Demand for Arbitration Form," the "Arbitration Fee Schedule" for the arbitration center, and a check for arbitration filing fees.  (*See* Doc. No. 11, Exs. C, D, & E).  Defendants state the amount of relief sought in the arbitration is "Not to Exceed $150,000," and the filing fee paid was $1,500, which corresponds to the arbitration center's fee schedule for a claim "above $75,000 to $150,000."  (Doc. No. 11, Exs. C & D).

      First off, the Court does not find the arbitration fee schedule or amount of arbitration relief sought to be dispositive of the amount in controversy.  The arbitration fee schedule states that such fees are subject to increase or decrease if the amount of claim or counterclaim is modified prior to the first hearing or depending on any significant non-monetary claims, at the discretion of the arbitration center.  (Doc. No. 11, Ex. D).  This suggests that the amount in dispute, and therefore the center's fees, are subject to change once the arbitration begins, a situation that is not analogous to federal court jurisdictional requirements.

---

[1] Plaintiffs do not specify an amount of damages requested under the T.C.A.

Defendant gives the amount for the full renewal cost of Plaintiffs' baseline program as $69,437.40, but does not state how such amount was specifically calculated, beyond saying that it was "based on publisher advertising renewal contracts and Yellow Page Association standard Rates & Data." (Doc. No. 11, at 2). Upon the evidence submitted, the Court finds it very difficult to ascertain just how Defendant determined that amount. Plaintiffs aver that they entered into the consulting contract in March, decided not to renew their Davidson County ads in April, and had no further dealings with Defendant until it submitted the $20,930.70 invoice. (*Id.*). Plaintiffs also state that the yearly cost for those Davidson County ads was $27,720.00. (Doc. No. 1-1, at 3). The terms of the contract define the Defendant's fee as "50% of any yearly yellow book savings for three (3) years." (Doc. No. 11, Ex. A). Defendant does not explain how the $20,930.70 invoice was calculated, nor does it give an estimate of Plaintiffs' yearly yellow book savings or an explanation of the asserted $69,437.40 baseline amount. Working with the amounts given, Plaintiffs would have needed to spend nearly $42,000.00 in yellow book fees beyond Davidson County in the previous year to total Defendant's asserted baseline amount and Defendant would have had to have saved Plaintiffs over $40,000.00 between March and the October billing date if the invoice it rendered was for $20,930.70. While these sums are not outside the range of possibility, Defendant simply does not carry its burden to show to a preponderance of the evidence the amount in controversy here. *See* 460 F.3d at 829 ("While [the defendant] need not show 'to a legal certainty that the amount in controversy met the federal requirement,' it must do more 'than show[] a mere possibility that the jurisdictional amount is satisfied.'") (citations omitted); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.

1995) *citing Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) ("Removal, however, cannot be based simply upon conclusory allegations.").

Defendant also claims arbitration/court costs and attorney's fees under the contract should be factored into the jurisdictional amount at a rate of at least $350 per hour. (Doc. No. 8, at 3). If there is a statutory or contractual provision allowing a prevailing party to recover attorney's fees, this possible recovery may be including in the calculation of jurisdictional amount. *See, e.g., Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 200-02 (1933); *Engel v. Chevron Corp., Inc.*, 1996 WL 1687454 (E.D. Tenn. Jun. 21, 1996). The contract does contain the provisions, "If we prove that you breached this contract, we will be awarded all our costs of collection including our legal fees (at least $350 per hour), all arbitration costs and all estimated future legal fees to confirm the award/domesticate the judgment," and "If either one of us prevails defending any judicial action resisting arbitration or resisting confirmation of an award or resisting domesticating a judgment, that prevailing party shall be entitled to all costs incurred, including legal fees of at least $350 per hour," for the proposition that attorney's fees and costs, along with the arbitration demand for a claim not to exceed $150,000, satisfies the amount in controversy. (*See* Doc. No. 11, Ex. A). Defendant does not give an estimated attorney's fees and costs for the Court's consideration. Because the Court has found that Defendant has not met its burden to prove that the amount at issue in the arbitration, it will not here find against remand on the basis of projected attorney's fees.

### III. CONCLUSION

Therefore, the Court finds that Defendant has not met its burden and has not established

that the amount in controversy exceeds $75,000. Plaintiffs' Motion is GRANTED and this case is REMANDED. Defendant's Motion is therefore DENIED AS MOOT.

    It is so ORDERED.

*[signature]*
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT